# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ELROY GRIFFIN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-12-66** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional

Institutions Division ("TDCJ-CID") and currently is incarcerated at the Lynaugh Unit in

Fort Stockton, Texas.  The actions about which he complains occurred in Nueces County,

Texas.  Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and

2254 on February 17, 2012 (D.E. 1).[1]  The underlying conviction which is the subject of

the petition is a 2010 Nueces County conviction for three counts of aggravated robbery.

Petitioner claims that his constitutional rights were violated in a number of ways related

to his conviction and subsequent attempt to appeal.

On June 12, 2012, respondent filed a motion for summary judgment to which

petitioner responded on September 24, 2012 (D.E. 11, 17).  Petitioner also filed a

pleading he titled "Motion for Summary Judgment" (D.E. 20), but it appears to be a

---

[1]Petitioner declared under penalty of perjury that he placed his petition in the prison
mail system on February 17, 2012 and it is considered filed as of that date.  Spotville v. Cain,
149 F.3d 374, 376 (5th Cir. 1998).

supplemental response to the motion for summary judgment and will be construed as

such.  As discussed more fully below, it is respectfully recommended that respondent's

motion for summary judgment be granted, and petitioner's cause of action for habeas

corpus relief be denied with prejudice.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  Petitioner was convicted

in Nueces County, Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959,

961 (5th Cir. 2000).

## BACKGROUND

Petitioner was indicted by a Nueces County Grand Jury in Cause No. 09-CR-4117-

C on three counts of aggravated robbery following his arrest for robbing a credit union.

Ex Parte Griffin, WR-75,528-01 at 76-77, Event Date: 03/09/2011 (D.E. 6-8 at 21-22).[2]

On December 3, 2009 officers responded to a report that a credit union had been robbed.

Witnesses reported that a grey or brown Lincoln Navigator with distinctive wheel rims

had left the scene of the robbery.  Id. at 102 (D.E. 6-9 at 2).  Officers observed the vehicle

and turned on their lights to get the driver's attention.  The vehicle slowed and then drove

off at a high rate of speed, running into a tree a short while later.  Id. (D.E. 6-9 at 2).  A

man later identified as petitioner exited the passenger side of the vehicle and ran between

some houses.

---

[2]The State Court records are located at D.E. 6.

2

Police spotted petitioner on the roof of a nearby house and ordered him to surrender.  He jumped off the roof and was surrounded by officers, who found a black pistol in the front pocket of his hoodie.  Id. at 106 (D.E. 6-9 at 6).

Witnesses at the credit union told police that three employees were working when a man walked in and yelled that he was robbing the bank.  One of the employees was on the phone and she whispered to her aunt to call the police.  The robber made two employees stand with their hands up against the wall and told a third to get all the money and place it in a grocery store bag that the robber gave her.  He told her she had ten seconds to do so or he would shoot her in the leg.  He asked the employee about other drawers but she told him she did not have the key to them.  The employee placed a dye pack in the bag with the money.  Id. at 113 (D.E. 6-9 at 13).

As the robber was leaving the store a customer was walking in the door.  The robber hid by the door and when the customer walked in the robber pushed him down and told him it was a robbery.  The robber then ran out the door and one of the employees and another witness saw him get into the Navigator and drive off.  Id. (D.E. 6-9 at 13).

The robber was described as a six foot tall black or dark Hispanic man of medium build.  He was wearing a black mask that exposed only his eyes and his skin was completely covered with clothing.  He was carrying a black gun.  After petitioner was arrested, he was taken to the credit union where the three employees separately identified him as the robber.  Petitioner's pants had a pink/red stain on the right front leg that was consistent with the pink/red paint from the dye pack that was placed in the bag and also

3

with a stain on the sidewalk where the dye pack exploded.  Id. (D.E. 6-9 at 14).  A

surveillance video recorded during the robbery showed that the robber was wearing the

same clothes petitioner was wearing when he was arrested.  Id. at 122 (D.E. 6-9 at 22).

On April 1, 2010 petitioner entered an open plea of guilty to three counts of

aggravated robbery.  He was sentenced to three twenty-five year terms of imprisonment

to be served concurrently.  Ex Parte Griffin, WR-75,528-01, Event Date: 03/09/2011 at

149, (D.E. 6-9 at 49).

Petitioner did not file a motion for new trial, but filed a *pro se* notice of appeal on

May 19, 2010.  On May 27, 2010 the appellate court notified petitioner that his appeal

was not timely perfected and that it would be dismissed if not corrected within ten days of

receiving the court's directive.  Petitioner then filed a motion for extension of time to file

a notice of appeal.  Because the motion for extension of time was not filed within the

required fifteen-day time period, petitioner's motion for an extension of time to file the

notice of appeal was denied and his appeal was dismissed for want of jurisdiction.  Griffin

v. State, No. 13-10-298-CR (Tex. App.–Corpus Christi June 24, 2010)(D.E. 6-2 at 1-3).

On February 10, 2011 petitioner filed an application for habeas relief in state court,

arguing the following:  (1) he received ineffective assistance of counsel because his

attorney (a) had no interest in going to court; (b) did not investigate the case; (c) did not

inform petitioner that he had a right to an appeal; (d) told him that if he pleaded guilty he

was eligible for probation when he was not actually eligible and (e) failed to present

evidence of mitigating factors to the court; (2) his attorney failed to consider whether

petitioner had the culpable mental state to commit the robbery; (3) his counsel never informed petitioner of the possibility of his being convicted of a lesser included offense and (4) there was insufficient evidence to support the finding that petitioner was guilty. Ex Parte Griffin, 75,528-01, Event Date: 03/09/2011, at 2-34 (D.E. 6-7 at 7-39).

The State filed an answer and on March 2, 2011 the trial court recommended that petitioner's habeas corpus application be denied. Id. at 74 (D.E. 6-8 at 19). On June 8, 2011 the Texas Court of Criminal Appeals remanded petitioner's case to the trial court to determine whether petitioner's attorney failed to fully advise petitioner of his appellate rights. Ex Parte Griffin, WR-75,528-01, Event Date: 06/08/2011 (D.E. 6-5 at 1-4). The State filed a supplemental answer and petitioner's trial attorney filed an affidavit. Ex Parte Griffin, WR-75,528-01, Event Date: 07/21/2011 at 2-8, 16-18 (D.E. 6-6 at 6-12, 20-22). On July 18, 2011 the trial court entered supplemental findings of fact and conclusions of law and recommended that petitioner's state habeas application be denied. Id. at 19 (D.E. 6-6 at 23). The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on the findings of the trial court without a hearing on August 24, 2011. Id. at "Action Taken" page (D.E. 6-6 at 2).

Petitioner filed a second state habeas action on November 18, 2011 in which he argued that he was denied his right to be free of double jeopardy and that he was actually innocent under the standard set out in Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Ex Parte Griffin, WR-75,528-02 at 2-25 (D.E. 6-10 at 6-31). The

Texas Court of Criminal Appeals dismissed the writ as a subsequent application on
February 2, 2012.  Id. at Action Taken page (D.E. 6-10 at 2).

Petitioner filed the instant application for habeas relief on February 17, 2012 and
makes the following arguments:

(1) He was denied his right to be free of double jeopardy;

(2) He is actually innocent of the crime because he should have been sentenced for
only one robbery rather than three;

(3) His attorney rendered ineffective assistance of counsel when he

(a) failed to tell petitioner that he could present mitigating evidence of petitioner's
learning disability and placement in special education classes;

(b) failed to inform petitioner that although he was charged with multiple counts,
he could "only get one conviction from the indictment;"

(c) told petitioner he was ineligible for court-ordered probation;

(d) failed to put in a written motion for probation, causing petitioner to lose the
opportunity to be considered for probation;

(e) failed to tell petitioner that he could file an appeal if he went to trial and was
convicted and

(4) his guilty plea was involuntary and unknowing because if his counsel not been
ineffective as described above, he would not have pleaded guilty but would have
gone to trial.

In his motion for summary judgment, respondent argues the following:  (1)
petitioner did not exhaust his state court remedies on all his claims and now is
procedurally barred from doing so; (2) petitioner's guilty plea was knowing, voluntary
and intelligent; (3) some of his allegations of ineffective assistance of counsel were

waived by his guilty plea and (4) his remaining ineffective assistance of counsel claims are without merit.

In response, petitioner reiterated his argument that he was subjected to double jeopardy because he received multiple convictions on a single multi-count indictment. In his supplemental response to the motion for summary judgment, petitioner submitted evidence that his educational achievement level was assessed in prison at "4.5" and that he was in special education classes in school. Petitioner also stated that he had hoped to submit evidence of treatment he received from a mental health/mental retardation agency but was unable to obtain the records. He also indicated that he has been receiving psychiatric care while in prison and urged the court to seek records of his treatment (D.E. 20 at 1-4). Petitioner submitted the evidence as part of his argument that his attorney did not properly investigate the case or submit mitigating evidence to the court.

## APPLICABLE LAW

### A.  Exhaustion and Procedural Bar

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give

state courts the initial opportunity to consider and correct alleged violations of their

prisoners' federal rights." Morris v. Dretke, 413 F.3d 484, 490-91 (5th Cir. 2005)(citing

Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003)).  Exceptions exist only where

there is an absence of available State corrective process or circumstances exist that render

such process ineffective to protect the rights of the applicant.  See 28 U.S.C. §

2254(b)(1)(B).

      When a petitioner has defaulted his federal claims in state court by failing to

follow applicable state procedural rules, the claims may not be reviewed in federal court

unless the petitioner demonstrates cause for the default and actual prejudice as a result of

the alleged error.  Sawyer v. Whitley, 505 U.S. 333, 338, 112 S.Ct. 2514, 120 L.Ed.2d

269 (1992).  To show cause, a petitioner must establish that some objective factor

external to the defense impeded his efforts to comply with the state procedural rule.

Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).  To

show actual prejudice, a petitioner must demonstrate that but for the error, he might not

have been convicted.  Pickney v. Cain, 337 F.3d 542, 545 (5th Cir. 2003)(citing United

States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996).

      In addition, if a petitioner fails to exhaust state court remedies and the court to

which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would find the claims procedurally barred, there is a procedural

default for purposes of federal habeas.  Coleman v. Thompson, 501 U.S. 722, 735 n. 1,

111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991).  The Texas Court of Criminal Appeals

8

applies the abuse of the writ doctrine regularly and strictly.  Fearance v. Scott, 56 F.3d

633, 642 (5th Cir. 1995)(citing Ex Parte Barber, 879 S.W.2d 889, 892 n. 1 (Tex.Cr.App.

1994)).  See also TEX. CODE CRIM. PROC. Art. 11.07 § 4 (subsequent habeas applications

barred absent specific exceptions).

Respondent argues that petitioner did not exhaust his claims that his attorney failed

to present mitigating evidence about his disabilities and special education and failed to

inform petitioner that the State could allege multiple charges because he did not raise

them in either his first or second state court petition.  Respondent further argues that

petitioner did not exhaust his claims that his right to double jeopardy was violated, his

conviction violated Schlup v. Delo, or that his attorney was ineffective for failing to

object when petitioner received three convictions for aggravated robbery rather than just

one, because he raised them only in his second state petition and they were therefore not

raised in a procedurally correct manner.  Finally, respondent argues that if petitioner

attempted to return to state court to exhaust his remedies his claims would be dismissed as

subsequent applications.  Each claim will be addressed in turn.

**(1) Introduction of Mitigating Evidence**

Petitioner did argue in his first state habeas petition that his attorney did not

present evidence of mitigating factors or mitigating character evidence at the punishment

phase of his trial, although he did not specify that his attorney should have put on

evidence of his mental challenges or the fact that he was in special education classes in

school.  Ex Parte Griffin, WR-75,528-01, Event Date: 03/09/2011 at 30 (D.E. 6-7 at 35).

9

Although petitioner's claim was not specific, he did raise lack of mitigating evidence as an issue.  Giving him every benefit of the doubt, it is recommended that he be found to have exhausted this issue.

### (2) Failure to Inform Petitioner that State Could Allege Multiple Charges

An examination of petitioner's state court applications for habeas corpus relief shows that respondent is correct that petitioner did not raise the issue that the State could allege multiple charges against him in either of his state court petitions.  Accordingly the claim is unexhausted and, as discussed above, procedurally barred.

### (3) Double Jeopardy

Respondent argues that petitioner made his double jeopardy claim only in his second state habeas application, which was dismissed as a subsequent application, and that he therefore did not properly exhaust the claim.  Respondent is correct.  The merits of petitioner's claim were not addressed by the Texas Court of Criminal Appeals because he did not present it in a procedurally correct manner.  See Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)(when petition raises claim in manner in which merits will not be considered, claim is not fairly presented to state courts and exhaustion is not satisfied) and Satterwhite v. Lynaugh, 886 F.2d 90, 92-93 (5th Cir. 1989)(same).  Because the merits were not considered, petitioner did not exhaust this issue and it should be dismissed as unexhausted and procedurally barred.

10

**(4) Actual Innocence**

Respondent also correctly argues that petitioner presented his actual innocence claim pursuant to Schlup v. Delo only in his second state habeas petition.  Petitioner referred to Schlup in his federal petition as part of his argument that he should have been convicted of robbing only one person rather than three people (D.E. 1 at 6, 8).  Petitioner neither referred to Schlup nor made the argument regarding his conviction in his first state habeas petition, but did so in his second petition.  Ex Parte Griffin, WR-75,528-02 at 9-10, 22-25 (D.E. 13-14, 26-29).  Because the claim was not presented to the Texas Court of Criminal Appeals in a procedurally correct manner, it should be dismissed as unexhausted and procedurally barred.

**B.  Merits**[3]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

---

[3]Although it is recommended that the unexhausted claims be dismissed, they will be addressed on the merits along with the exhausted claims.  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."  28 U.S.C. § 2254(b)(2).

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  Williams v. Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000).  Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams, 120 S.Ct. at 1522-1523).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)(quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).  A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision.  Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court.  Harrington, 131 S.Ct. at 786.  Even a

12

strong case for relief does not mean the state court's contrary conclusion was unreasonable.  Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).

The standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther."  Id.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id. at 786-787.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  Garcia v. Quarterman, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted).  This deference extends not only to express findings of fact, but to the implicit findings of the state court. Id.  In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  Richter, 131 S.Ct. at 784.

### 1.  Voluntariness of Guilty Plea

Although petitioner has alleged a number of grounds for relief, his claims

regarding the voluntariness of his plea will be analyzed first, because if he entered into

the plea agreement knowingly and willingly, he waived most of his other claims.

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process.  When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea.  He may only attack the
> voluntary and intelligent character of the guilty plea by showing that the advice he
> received from counsel was not within the standards set forth in [McMann v.
> Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

The test for determining the validity of a guilty plea is whether the plea represents

a voluntary and intelligent choice among the courses of action open to the defendant.

Matthew, 201 F.3d at 364 (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88

L.Ed.2d 203 (1985)).  When a court assesses the validity of a guilty plea it looks to all of

the relevant circumstances surrounding it.  Matthew, 201 F.3d at 364-365 (citing Brady

v.United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469 (1970)).

A defendant pleading guilty must be competent and must have notice of the nature

of the charges against him.  The plea must be entered voluntarily and not be the product

of actual or threatened physical harm or mental coercion overbearing the will of the

defendant.  Nor can the plea be the result of state-induced emotions so intense that the

defendant was rendered unable to weigh rationally his options with the help of counsel.

14

Matthews, 201 F.3d at 365 (citing Henderson v. Morgan, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed.2d 859 (1941); Brady, 397 U.S. at 750, 90 S.Ct. 1463 and Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 91962).  In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protection he is waiving.  Matthew, 210 F.3d at 365 (citing Henderson, 426 U.S. at 645, n. 13, 96 S.Ct. 2253; Brady, 397 U.S. at 755, 90 S.Ct. 1263 and Machibroda, 368 U.S. at 493, 82 S.Ct. 510).  Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made.  Matthew, 210 F.3d at 365 (citing Tollett, 411 U.S. 258 at 268, 93 S.Ct. 1602, 1608;  Brady, 397 U.S. at 756 and McMann v. Richardson, 397 U.S. 759, 771 7 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

The representations of a defendant, his lawyer and the prosecutor at a plea hearing, as well as the findings made by the judge accepting the plea, constitute a formidable barrier in a subsequent collateral proceeding.  Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Id., 431 U.S. at 74, 97 S.Ct. at 1629.

Respondent did not file the transcript from the plea colloquy in petitioner's case, but did file the written admonishments, judicial confession and related documents.

Petitioner did not contest the authenticity of the documents in his response to the motion for summary judgment and they are considered credible.

When challenging a guilty plea based on alleged attorney error, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985).  Then, typically, in order to show that the error prejudiced the defendant, the court must make a prediction about what the outcome of the trial would have been had counsel done the things that the petitioner now urges.  Id.   In making the determination, the court must consider the following: (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law (3) the placement of the sentence within the allowable range and (4) any mitigating or aggravating factors considered by the trier of fact.  Spriggs, 993 F.2d at 88-89.  A movant must demonstrate that absent counsel's deficiencies, there was a reasonable probability that he would have received a lesser sentence.  United States v. Grammas, 376 F.3d 433, 437-439 (5th Cir. 2004).

### (a) Mitigating Evidence

Petitioner argues that if he had known that he could present mitigating evidence to a jury regarding his learning disabilities and placement in special education classes he would not have opted to plea but would instead have proceeded to trial.  In his supplemental response to the motion for summary judgment petitioner submitted evidence that he attended special education classes in school, has an educational achievement level

16

of "4.5" and receives psychiatric care in prison.  Because this evidence was not before the state court, it cannot be considered herein.  Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Cullen v. Pinholster, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

Moreover, all procedural impediments aside, in order to prevail on his argument, petitioner would have to show not only that he would not have pleaded guilty if he knew he could submit mitigating evidence, but also that the outcome of a trial would have been better for petitioner than it was with his guilty plea.  Grammas, 376 F.3d at 437-439. Petitioner cannot make such a showing on these facts.  Petitioner was identified by three witnesses as the person who robbed the bank at gunpoint, was wearing the same clothes as the person videotaped robbing the bank, was seen getting into and getting out of a vehicle that drove away from the bank immediately after the robbery and had paint on his clothes that was consistent with the dye pack that exploded in the bag with the stolen money.  The punishment range in his case was five to ninety-five years and he received three concurrent twenty-five year sentences.

Petitioner has provided neither evidence nor argument to support a conclusion that he would have been found not guilty or received a lesser sentence had he gone to trial and thus cannot show that any omission by his attorney was prejudicial to him.  Petitioner offers only his conclusory allegations that had he gone to trial and presented evidence of his learning disabilities he would have had a more favorable outcome.  Although *pro se* habeas petitions are construed liberally, conclusory allegations on a critical issue are

17

insufficient to raise a constitutional issue.  Koch v. Puckett, 907 F.2d 524, 530 (5th Cir.

1990)(citing Ross v. Estelle, 694 F.2d 1008, 1011-12 and n. 2 (5th Cir. 1983)).

**(b) Eligibility for Community Supervision**

Petitioner also argues that his attorney induced him to agree to the open plea by

telling him that he was ineligible for court-ordered community supervision and that his

attorney never filed a motion for community supervision.  Petitioner claims that he

believed he was eligible for "regular probation" and that his attorney never corrected his

belief (D.E. 1 at 10).  It is unclear what petitioner means because in his state court petition

he argued that his attorney told him he *was* eligible for probation when he was not.  Ex

Parte Griffin, WR-75,528-01, Event Date: 03/09/2011 at 31 (D.E. 6-7 at 36).  The use of

"ineligible" in this federal complaint is considered a drafting error and it is assumed that

petitioner is arguing that his attorney told him he was eligible for judge-ordered

community supervision when he was not.

In any event, petitioner *was* eligible for release to community supervision and was

informed of his eligibility during the plea proceedings.  Petitioner initialed a statement

indicating that his attorney had filed a motion for community supervision and that he

understood that the court was not required to place him on community supervision.  Ex

Parte Griffin, WR-75,528-01, Event Date: 03/09/2011 at 56-57 (D.E. 6-8 at 1-2).

Petitioner signed a statement in which he affirmed that he understood the admonishments

given to him by the court, knew the range of punishment in his case and was aware of the

consequences of his guilty plea.  Id. at 58 (D.E. 6-8 at 3).

In the affidavit he filed as part of the state court proceedings, petitioner's attorney stated that the trial court had the authority to place petitioner on community supervision and that he advised petitioner regarding community supervision.  He also stated that he probably told petitioner that his chances of receiving community supervision were not good, given the facts of his case.  Ex Parte Griffin, Event Date: WR-75,528-01 at 17-18 (D.E. 6-6 at 21-22).

Petitioner has failed to show that his attorney misinformed him regarding his eligibility for release to community supervision.  Therefore, his claim that his guilty plea was made unknowingly or unintelligently based on this allegation is without merit.

**(c) Failure to Tell Petitioner About Appeal Rights**

Petitioner also contends that his attorney failed to tell him that he could appeal any adverse judgment if he went to trial and was convicted.  He asserts that he did not know anything about appeals and only learned that he had the right to appeal after he pleaded guilty.  Although petitioner's attorney stated that he advised petitioner of his right to appeal the open plea conviction, he did not discuss whether he told petitioner he would have the right to appeal his conviction if his case was tried to a jury.

However, even if petitioner's attorney did not tell him he could appeal the conviction, petitioner did not articulate how the information would have influenced him to go to trial rather than plead guilty.  Moreover, even if petitioner could show that he would have insisted on going to trial if he had known he had the right to appeal, he still would have to show that there was a reasonable probability that he would have received a

19

lesser sentence.  <u>Grammas</u>, 376 F.3d at 437-439.  As discussed above, given the facts of petitioner's case, he cannot make a showing that the outcome of his case would have been more favorable to him had he gone to trial.

Petitioner has not shown that his attorney gave him false information or otherwise misled him in a way that caused him to enter a guilty plea involuntarily or unknowingly. Because he entered a valid and knowing guilty plea, he waived his other arguments and summary judgment should be entered for respondent.  In the alternative, petitioner's remaining two arguments will be addressed.

**(2) Double Jeopardy**

The Fifth Amendment guarantee against double jeopardy is made enforceable against the states through the Fourteenth Amendment and consists of three separate constitutional protections.  It protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense.  <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)(citations omitted).

Petitioner argues that he is being punished with three sentences for a single incidence of aggravated robbery, because he took money from only one bank employee. In Texas, courts define aggravated robbery as an assaultive offense and convictions may be obtained against multiple victims when money is taken from only one of them.  <u>Ex Parte Hawkins</u>, 6 S.W.3d 554, 560-560 (Tex. Crim. App. 1999).  Finding a defendant guilty of aggravated robbery of more than one victim does not violate the double jeopardy

clause when the defendant places the other victims in fear of imminent bodily injury or death.  Id. at 559, 561; see also TEX. PEN. CODE § 29.02(a)(2).

Petitioner asserts that of the three tellers who were in the bank when he robbed it, he took money from only one of them and that the other two stated at the punishment hearing that they were not in fear of death or imminent bodily injury.  Therefore, he argues, he should only have been punished for robbing one of them.  The obvious problem with petitioner's argument is that he pleaded guilty to robbing all three employees, and, as discussed above, he has not shown that his plea was made involuntarily or unknowingly.  The transcript of the punishment hearing is not part of the record, but even if the other victims testified as petitioner claims they did, at that point he had already pleaded guilty to the robbery.  While petitioner and his attorney may have incorrectly assumed that the other employees would have testified that they were in fear of imminent bodily injury or death during the robbery and based his guilty plea on that assumption, the fact that petitioner was convicted of three counts of aggravated robbery while taking money from only one person is not a violation of his Fifth Amendment right against double jeopardy.

Petitioner cites Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740  (1985), Ex Parte Amador, 326 S.W.3d 202 (Tex. Crim. App. 2012) and Evans v. State, 299  S.W.3d 138 (Tex. Crim. App. 2009) for their holdings regarding double jeopardy.  However, all three of those cases deal with double jeopardy in the context of a single criminal act which results in multiple charges.  Petitioner in this case was not

21

convicted three times based on a single act; rather, he was convicted of three acts of robbery, because he placed three people in fear of imminent bodily injury or harm.

Petitioner's argument that the court proceedings violated his right to be free of double jeopardy is without merit. Accordingly, summary judgment should be entered for respondent on this claim.

### (3) Actual Innocence Claim

In Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1992), the United States Supreme Court reiterated the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution–not to correct errors of fact. Id., 506 U.S. at 400, 113 S.Ct. at 860. The court does not analyze the petitioner's guilt or innocence, but only whether his constitutional rights have been preserved. Id. A claim of "actual innocence" comes into play when a petitioner otherwise subject to defenses of abusive or successive use of the writ seeks to have his federal constitutional claim considered on the merits. Under those circumstances, he must show that a failure to hear the claims would result in a miscarriage of justice, which in turn requires a showing of actual innocence. Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992).

In Schlup, the Supreme Court noted that the claim of actual innocence made therein was different from the one in Herrera. The petitioner in Herrera advanced a claim of actual innocence to support the constitutional claim that the execution of an innocent person would violate the Eighth Amendment, whereas in Schlup, the constitutional claim

22

was based not on the petitioner's innocence, but on ineffective assistance of counsel and withholding of evidence claims.  <u>Schlup</u>, 513 U.S. at 313-314, 115 S.Ct. at 860.  Schlup's claim of innocence was part of his attempt to establish cause and prejudice for failure to present his evidence in support of his first federal petition.  <u>Id.</u>, 513 U.S. at 314, 115 S.Ct. at 861.  He was seeking a gateway to have his otherwise barred constitutional claim considered on the merits.  <u>Id.</u>, 513 U.S. at 315, 115 S.Ct. at 861.

Petitioner refers to <u>Schlup</u> but does not assert that he is actually innocent in order to persuade the court to hear a claim which otherwise would be procedurally barred.  Rather, he simply is arguing that he is innocent of the charges on which he was convicted, based on his assertion that he was convicted of three counts of aggravated robbery when he took money from only one person.  Such a claim is not cognizable in a habeas corpus proceeding.  Accordingly, summary judgment should be entered for respondent on this issue.

### C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court.  Further briefing and argument on the very issues the court

has just ruled on would be repetitious.").

  A COA "may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

  Where a district court rejects the constitutional claims on the merits, the petitioner

must show that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct.

1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that

jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

  A slightly different standard applies when the claims are dismissed on procedural

grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional

right *and* that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis

added).

  In petitioner's case, it is recommended that his claims be dismissed both

procedurally and on the merits.  Reasonable jurists would not find the assessment of

24

exhaustion of state court remedies or the constitutional claims debatable or wrong.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment  (D.E. 11) be granted and petitioner's application for habeas corpus relief be denied with prejudice.  In addition, the clerk is ordered to terminate petitioner's motion for summary judgment (D.E. 20) because it was construed as a supplemental response to respondent's motion for summary judgment.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 7th day of November, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).