UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELROY GRIFFIN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-66 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Respondents. | § | |

### ORDER ADOPTING, AS MODIFIED, THE
### MEMORANDUM AND RECOMMENDATION AND
### GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 11). On November 7, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 21), recommending that Respondent's Motion for Summary Judgment be granted. Respondent filed his Objections (D.E. 22) on November 20, 2012. Petitioner filed his Objections (D.E. 25) on February 4, 2013. The Objections are discussed in turn below.

Petitioner's first objection complains of the holding that his actual innocence and double jeopardy grounds are procedurally barred because they were brought in a subsequent writ. He claims that the document treated as his first writ was actually an out-of-time appeal and that the "second" writ was really his first writ seeking *habeas corpus* relief. Therefore, he argues, the second writ supplies a basis for finding that he exhausted his state law remedies and the complaints are not procedurally barred.

According to Texas law, Petitioner's first writ was not—functionally—a request for an out-of-time appeal such that it does not count as a first writ under the Texas prohibition against successive writs. TEX. CODE CRIM. PROC. ANN. Art. 11.07 § 4. As related to Petitioner's argument, in order to avoid being counted as a first writ, the writ must either (1) ask only for an out-of-time appeal without addressing issues on the underlying merits of the prosecution or conviction or (2) be successful in obtaining an out-of-time appeal in which case any challenge to the underlying merits is disregarded for writ purposes and is treated as part of the direct appeal. *Ex parte Santana*, 227 S.W.3d 700, 703-04 (Tex. Crim. App. 2007); *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000).

Petitioner's first application for writ of habeas corpus in state court complained of ineffective assistance of counsel with respect to investigating the case, recommending a plea bargain, and failing to appeal. He also complains that his counsel should have disputed whether he had a culpable mental state in order to be convicted of the charges against him. He states that he was never instructed of the ability to be convicted on a lesser included offense and that there is insufficient evidence of guilt. D.E. 6-7, pp. 12-15. All of these grounds stated in his first writ go to the underlying prosecution and conviction. At no time did Petitioner ask for an out-of-time appeal. Neither was he granted an out-of-time appeal.

Therefore, Petitioner's first state court writ does count as a writ. It precludes this Court from treating the complaints in his successive writ as capable of exhausting his state law remedies. Additionally, as the Magistrate Judge found, the unexhausted

complaints of double jeopardy and actual innocence are without merit. Therefore, in the alternative, Petitioner's challenge to the exhaustion requirement is moot. Petitioner's first objection is **OVERRULED**.

Petitioner's second objection is that his defense counsel's failure to present mitigating evidence was, contrary to the Magistrate Judge's holding, prejudicial to his defense. Petitioner does not address the Magistrate Judge's first holding relative to the mitigating evidence issue. That holding is: evidence that was not before the state court cannot be considered by the federal court. D.E. 21, p. 17. Because that holding is correct and is not challenged by Petitioner, his second objection is moot.

Furthermore, the Court agrees with the Memorandum and Recommendation in that Petitioner has not demonstrated that, even if considered, the alleged mitigating evidence would have produced a different result in this case. The evidence of guilt was dramatically compelling. Petitioner's second objection is **OVERRULED**.

Petitioner's third objection is that his conviction on three counts of aggravated robbery arising out of a single event violates his double jeopardy rights. He relies on *Turner v. Arkansas*, 407 U.S. 366, 92 S.Ct. 2096 (1972) (*per curiam*), in which a defendant acquitted of committing murder or aiding and abetting another in the murder could not later be tried for a robbery of the decedent that allegedly took place at the time of the murder. The prior acquittal on aiding and abetting necessarily involved a finding that the defendant was not involved in the events that took place at the time of the murder. This does not address Petitioner's complaint that he cannot, in a single case, be found guilty of three counts of aggravated robbery arising from the same event.

Petitioner cites *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932), which was followed by *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432 (1980) and *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668 (1985).  Under the *Blockburger* analysis, a single event may properly result in multiple charges if those individual charges require proof of at least one separate fact.  Under *Whalen* and *Ball*, if one offense requires proof of all elements of another offense or the elements of one offense necessarily satisfies two different statutory violations, cumulative sentences would violate the Double Jeopardy Clause.

Here, the Indictment against Petitioner reflects three counts, each of which names a different victim of Petitioner's conduct amounting to intentionally or knowingly threatening or placing that person in fear of imminent bodily injury or death.  D.E. 6-8, pp. 21-22.  The offense, even as recited by Petitioner in his objection, involves placing "another person" in fear.  As three separate "other persons" were named, the indictment involves three counts, each of which involves the proof of at least one separate fact not required by the others.  The separate charges are for separate offenses for double jeopardy purposes under the *Blockburger* test and sentences may properly be assessed in a cumulative fashion under *Whalen* and *Ball*.  Petitioner's third objection is **OVERRULED**.

Respondent states a single objection to the Magistrate Judge's Memorandum and Recommendation.  Respondent asserts that the Petitioner had not exhausted at the state level his complaint regarding "ineffective assistance of counsel for failure to present mitigating evidence" because Petitioner did not specify the mitigating evidence at issue.

According to Respondent, Petitioner's failure to make a specific challenge means that the federal claim is not the "substantial equivalent" of the state claim as required by *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (*per curiam*) for exhaustion purposes. *See also Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971).

In *Whitehead*, the petitioner complained in state court of the calculation of his time served. While his state writ did not articulate all of the bases for relief presented in his federal writ, the state writ did include a letter that detailed how he believed his time served should be calculated. This letter contained all of the factual information at issue in the federal writ. Liberally construing his state court application, the Fifth Circuit held that Whitehead's state complaints were the "substantial equivalent" of his federal complaints and were a "fair presentation" for purposes of exhaustion.

To the contrary here, Petitioner simply asserted that his counsel failed to seek out and present evidence of mitigating circumstances. D.E. 6-7, pp. 34-35. He supplied no detail. If the state court is deprived of the very facts upon which it would need to decide the issue, the claim has not been exhausted. *United States ex rel. Boodie v. Herold*, 349 F.2d 372, 374 (2nd Cir. 1965). The Court **SUSTAINS** the Respondent's objection and modifies the Memorandum and Recommendation accordingly. This does not change the outcome in this case as it simply supplies another basis on which to grant the Respondent's Motion for Summary Judgment (D.E. 11).

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's and Respondent's Objections, and all other relevant documents in the record,

and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **SUSTAINS** Respondent's Objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as modified herein. Accordingly, Respondent's Motion for Summary Judgment (D.E. 11) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 8th day of March, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE